**BALTIMORE & O. R. CO. v. SAUNDERS et al.**

**No. 5532.**

Circuit Court of Appeals, Fourth Circuit.
Jan. 6, 1947.

W. F. Wunschel, of Charleston, W. Va. (Stanley C. Morris and Steptoe & Johnson, both of Charleston, W. Va., on the brief), for appellant.

Martin C. Bowles, of Charleston, W. Va. (L. F. Poffenbarger, D. L. Salisbury, Watts, Poffenbarger & Bowles, and Salisbury, Hackney & Lopinsky, all of Charleston, W. Va., on the brief), for appellees.

Donald O. Blagg, of Charleston, W. Va. (A. G. Stone and Rummel, Blagg & Stone, all of Charleston, W. Va., on the brief), for United Fuel Gas Co. and M. C. Kirkhart, summoned as third-party defendants.

Before PARKER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is the second appeal in the crossing accident case against the Baltimore & Ohio Railroad Company, wherein that company sought to implead the United Fuel Gas Company and Kirkhart, the driver of one of its trucks, as third party defendants. We dismissed the first appeal as premature. Baltimore & O. R. Co. v. United Fuel Gas Co., 4 Cir., 154 F.2d 545. The case was tried thereafter before a jury in the District Court; and from an adverse judgment the B. & O. has appealed, alleging error in the order denying the motion to bring in the third party defendants as well as errors alleged to have been committed in the trial before the jury. Three questions are presented for our consideration: (1) Whether there was error in denying the motion to bring in the third party defendants; (2) whether verdict should have been directed for the defendant; and (3) whether there was prejudicial error in the portions of the judge's charge of which complaint is made. We think that all of these questions should be answered in the negative.

On the first question it appears that the plaintiffs are citizens of West Virginia employed by United, which is a corporation of that state. They were injured in a crossing collision between a B. & O. train and a truck of United in which they were riding. They sued the B. & O. for damages resulting from negligence in the operation of the train. Jurisdiction of the federal court was based on diversity of citizenship, as the B. & O. is a Maryland corporation. The B. & O. moved that United and the driver of the truck be brought in as third party defendants on the ground that their negligence was the sole cause, or at least one of the proximate causes, of the injuries sustained by plaintiffs, and demanded (1) that any judgment rendered in favor of the plaintiffs be rendered against appellees, United Fuel Gas Company and M. C. Kirkhart; (2) that appellant have judgment against the appellees for all or part of any sums that might be assessed against it in favor of the plaintiffs; (3) that any judgment that might be rendered against appellant in favor of the plaintiffs also be rendered against appellees or (4) if any judgment be rendered against appellant in favor of the plaintiffs that judgment be rendered in favor of appellant and against appellees for two-thirds of the amount thereof. The District Court sustained the motions of United and Kirkhart to dismiss the amended third-party complaint, on the ground that the Court was without jurisdiction to entertain the third-party complaint since United and Kirkhart were citizens of West Virginia, the state of which plaintiffs were citizens.

The question whether third party defendants may be brought in on motion is ordinarily a matter resting within the sound discretion of the trial judge. Moore's Federal Practice vol. 1, p. 741; General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671. The discretion was properly exercised here in denying a motion which

would have required plaintiffs to litigate a cause of action which they did not assert in their complaint against parties whom they did not join as defendants, and whose joinder, if they had been joined, would have defeated the jurisdiction of the court.

 The third party practice prescribed by rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is an important procedural reform the purpose of which is to avoid delay and needless multiplicity of actions. The rule should be liberally construed, but not in such way as to permit a practice which transcends the limits of federal jurisdiction. See rule 82. It may be appropriate in many cases to treat the bringing in of third party defendants as ancillary to the main action, but not where its effect is to change the cause of action as asserted, or to substitute another cause of action for it, so as to require plaintiff, against his will, to litigate against the third party defendants an alleged tort liability which plaintiff has not asserted in his complaint. While there is conflict in the decisions, the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue. See note to Advisory Committee Report recommending amendment of rule, 5 F.R.D. at 447. And this is certainly true where the effect of the joinder of the third party defendant would be to oust the court of jurisdiction. If the B. & O.'s motion had been allowed, its effect would have been to convert plaintiff's action into one against the third party defendants as well as against the B. & O. to establish tort liability on the part of one or all of them. In such situation, it would have been incumbent on the court to align the parties to the action as so constituted for the purpose of determining jurisdiction. Cf. State Farm Mutual Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188; Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558. There can be no question but that such joinder of defendants by plaintiff, on the filing of the original complaint, would have defeated the jurisdiction. Slate v. Hutcherson, 4 Cir., 15 F.2d 551. It is equally clear that the situation is no different merely because one of the defendants is brought into the case by subsequent motion. Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778, 779. In the case last cited, Judge Clark, whose connection with the drafting of the Rules of Civil Procedure entitles his opinion to peculiar weight, thus stated and answered the question before us:

"May a defendant cause a third party to be brought into a federal civil action under Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c, to answer, along with it, to the *plaintiff's* claim, where the plaintiff and such party are citizens of the same state and federal jurisdiction does not otherwise appear? That is the issue squarely presented here, and we think it must be answered in the negative. Notwithstanding the undoubted convenience of extensive joinder in cases such as this, we must observe the established boundaries of federal jurisdiction, which the rules do not enlarge. F. R. 82."

 It is argued that the joinder should have been allowed in order that the B. & O. might have been granted the ancillary relief of contribution covered by the fourth item of its demand; but it is hardly in position to complain of the action of the court with respect to a matter lying within the court's discretion when this matter had been made a minor part of a motion directed principally to asking relief beyond the court's jurisdiction to grant. Irrespective of this, however, the motion, even as to this matter, was properly denied; for it is clear that, under the law of West Virginia, contribution may be had among joint tort feasors, not with respect to an inchoate liability, but only as to a joint judgment which has already been obtained against them. The applicable statute, West Virginia Revised Code, ch. 55, art. 7, sec. 13, Code of 1943 sec. 5482, is as follows:

"Contribution by Joint Tort Feasors.— Where a judgment is rendered in an action ex delicto against several persons jointly, and satisfaction of such judgment is made by any one or more of such persons, the others shall be liable to contribution to the same extent as if the judgment were upon an action ex contractu."

Not only is there no provision in West Virginia for contribution between joint tort feasors in the absence of judgment, but another section of the Code, 55-7-12 (sec. 5481), negatives any such right by a provision that "a release to, or an accord and satisfaction with" one or more joint tort feasors shall not inure to the benefit of another or bar an action or suit against him for the same cause of action. It is likewise negatived by the decision of the West Virginia Supreme Court of Appeals in Rouse v. Eagle Convex Glass Specialty Co., 122 W.Va. 671, 13 S.E.2d 15, 132 A.L.R. 1421, which held that one joint tort feasor sued for damages may not require another alleged to be jointly liable with him to be brought in as a party defendant, under Code, 56-4-34 which permits additional parties to be brought in that full justice may be done. We have examined the authorities relied on by the B. & O. and find nothing in them to justify a contrary conclusion.

Since it is only upon a joint judgment that relief by way of contribution may be asked, and since a joint judgment could not be obtained without the plaintiffs' consenting to amend their complaint, which they were unwilling to do, there was no possible basis of granting ancillary relief upon the motion of defendant, and the motion was properly denied. Malkin v. Arundel Corp., D.C., 36 F.Supp. 948; Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, and note at 1192 et seq.

We come then to the second question, i.e. whether the case was properly submitted to the jury; and, as to this we think there can be no doubt. There was evidence that the collision occurred at the crossing on a damp, foggy morning when visibility was not good and the driver of the truck could see only a limited distance in the direction from which the train was coming; that crossing signals were not given as required by law; and that plaintiffs were riding in one of their employer's trucks, the sides of which were covered by tarpaulins in such way that they had no view of the crossing. No negligence of the driver of the truck in failing to keep a proper lookout was imputable to plaintiffs under the law of West Virginia. Jameson

v. Norfolk & Western Railway Co., 97 W. Va. 119, 124 S.E. 491; Parsons v. New York Central R. Co., W.Va., 34 S.E.2d 334. And if the negligence of the driver of the truck concurred with that of the railroad in causing the injury of plaintiffs, this did not exonerate the railroad or mitigate the damages recoverable on account of its negligence; for, under the law of West Virginia, both tort feasors were jointly and severally liable. Hains v. Parkersburg, M. & I. R. Co., 75 W.Va. 613, 84 S.E. 923; Hutcherson v. Slate and Appalachian Power Co., 105 W.Va. 184, 142 S.E. 444. Counsel for appellant do not press the motion for directed verdict on appeal, but argue that the verdict should not be allowed to stand because contrary to the weight of the evidence. This, however, is a matter resting in the discretion of the trial court. Only where verdict should have been directed, because the evidence was all one way or so clearly so that reasonable men could not have differed as to the facts, do we have jurisdiction to review the trial court's action, and this on the theory that the question then becomes one of law. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d. 350, 352–354.

Questions raised with respect to the court's charge may be dealt with briefly. Complaint is made because, at the beginning of the trial, the judge told the jury that other defendants had been dismissed from the case and that only the case against the B. & O. was to be considered by them. This was a correct statement of fact, and it is inconceivable that it could have prejudiced the B. & O. in any way. The judge offered to clarify the statement objected to and to explain the situation more in detail, but this was declined by counsel. Complaint is made of a sentence of the charge with respect to the weight to be accorded negative testimony, but when the whole of the passage relating to the matter is considered it is clearly a correct statement of the law applicable. Finally, it is said that the judge told the jury that the evidence of contributory negligence on the part of plaintiffs was very, very slight. If there was error in this, however, it was favorable to defendant;

for, in our opinion there was no evidence at all that would have warranted a finding of contributory negligence on the part of plaintiffs.

For the reasons stated, the judgments appealed from will be affirmed.

Affirmed.