GERSICH v. LONDON & LANCASHIRE IN-
DEMNITY CO. OF AMERICA (Gersich,
third-party defendant).

No. 2223.

United States District Court
W. D. Wisconsin.

Oct. 25, 1951.

W. B. Foster, Hurley, Wis., for plaintiffs.

Hughes, Anderson & Davis, Superior, Wis., for defendants and third-party plaintiffs.

Schubring, Ryan, Petersen & Sutherland, Madison, Wis., for third-party defendant.

STONE, District Judge.

The third-party defendant, Edward Gersich, filed his motion herein to dismiss the third-party complaint, upon the ground that there is no diversity of citizenship between the plaintiffs and the third-party defendant.

The authorities are somewhat divided as to whether a third-party proceeding is an ancillary proceeding to the main action.

 In this proceeding the third-party plaintiffs seek contribution from the third-party defendant in the event plaintiffs recover against the defendants and third-party plaintiffs. If the said motion to dismiss is granted, then a second trial involving the same parties and the same witnesses will be necessary, doubling the cost of the litigation to the parties, the court, and the Government. Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was designed to eliminate this unnecessary expense to those involved in litigation. Its purpose is to avoid a multiplicity of suits, and thus save the time and work of the courts, juries and litigants. All of the issues arising out of one transaction, in this instance an automobile collision, should be determined in one action.

Rule 14 should be liberally construed. There is a diversity of citizenship between the plaintiffs and the defendants and third-party plaintiffs. There is a diversity of citizenship between the defendants and third-party plaintiffs and the third-party defendant. The plaintiffs are making no claim against the third-party defendant. Leave to bring in third-party defendants under this Rule rests in the sound discretion of the court. The cases supporting this holding are found in U.S.C.A. Title 28, Rules 1–16, pages 549–555.

The jurisdiction of this court was originally properly invoked on grounds of diversity of citizenship between the plaintiffs and the original defendants. A third-party complaint invoking ancillary jurisdiction of this court is not subject to dismissal for lack of diversity of citizenship between original plaintiffs and third-party defendant residing in the same state so long as the original defendant remains in the case.

The motion of the third-party defendant to dismiss the third-party complaint upon the ground that there is no diversity of citizenship between the plaintiffs and the third-party defendant is denied.