**LIVERSEED v. MARIANI (King, third-party defendant).**

**Civ. No. 2030.**

United States District Court
D. Minnesota, Third Division.

Nov. 19, 1951.

Orville Freeman, Minneapolis, Minn., Robert W. Martin, Faribault, Minn., for plaintiff.

Freeman, King, Larson & Peterson, Minneapolis, Minn., for defendants.

Paul J. McGough and John A. McEachron, Jr., Minneapolis, Minn., for third-party defendants.

DONOVAN, District Judge.

The above entitled matter came on for hearing before the undersigned, one of the Judges of the above named court on the 6th day of November, 1951 upon the motion of the third-party defendant, J. R. King, as general administrator for the estate of Ronald Nelson, deceased, for an order quashing and setting aside the service upon the third-party defendant, of the third-party summons and complaint and dismissing these proceedings as against said third-party defendant, or in the alternative, for an order continuing the action to the next term of court commencing on April 1st, 1952.

The Court having considered the files and pleadings herein and having heard the arguments of counsel and being fully advised, It Is Hereby Ordered:

I.

That the motion of the third-party defendant for an order quashing and setting aside the third-party summons and complaint be and hereby is denied, except that said third-party defendant shall not be required to answer the complaint of the original plaintiff as required by the third-party summons.

II.

That a jury be picked in the above entitled action at the end of the present term of court and that the trial of the case shall be had no earlier than January 2nd, 1952

and at a time which is convenient to the court and to counsel for the respective parties, including the third-party defendant.

## Opinion

This action was commenced by Frieda Liverseed, a citizen of Minnesota, against two defendants, Vito Mariani, Sr., a citizen of Illinois, and Vito Mariani, Jr., a citizen of Iowa, alleging damages for personal injuries in excess of Three Thousand ($3,000) Dollars, growing out of an automobile collision.

The matter came before the court on motion of defendants for an order of the court impleading a third-party defendant under Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. The motion was granted and the third-party complaint was duly served.[1] The third-party defendant, a Minnesota citizen, is the administrator of the estate of the owner and driver of the automobile in which plaintiff was riding. Defendant alleged in the third-party complaint that the negligence of the administrator's decedent was the primary cause, or a contributing cause, of the collision. Thereafter, at the call of the calendar for the November General Term of this Court, said third-party defendant moved to dismiss the proceedings against him on the ground that there is no diversity of citizenship between plaintiff and third-party defendant, and for the further reason that the court would lack jurisdiction of any issue between plaintiff and third-party defendant.

■ Under the 1946 amendment of Rule 14, the original defendant may implead a third-party defendant only on the ground that the latter is or may be liable to the original defendant. In the action before the court both the third-party defendant and the plaintiff are citizens of Minnesota. Of this situation, Professor Moore[2] writes: "It seems clear that there should be no question as to jurisdiction * * * where the *plaintiff* and the third party are citizens of the same state. Unless he chooses to amend his pleading to state a claim against the third party, the plaintiff has no direct concern with him: the third party is brought in solely to answer a claim by the defendant that he is or may be liable over to the defendant, and he cannot be held liable to the plaintiff. Even the decisions applying the stricter admiralty rule to cases arising under the Conformity Act conceded that there was no requirement of independent grounds of jurisdiction as between the plaintiff and the third party in this situation."

No question of liability as between the plaintiff and the third-party defendant is in issue by the pleadings. The question of liability of the third-party defendant will not arise unless the plaintiff recovers judgment against the original defendant, and then, and only then, the court or the jury will determine whether the third-party defendant is liable over to the third-party plaintiff.

■ Rule 14 does not permit a third party to be impleaded on the ground of sole liability to the plaintiff where diversity is lacking between the plaintiff and the third party.[3] In the case at bar, however, there is no such issue. On the other hand, the very purpose of Rule 14 is to effectively dispose of the entire related litigation in a suit which is properly before the court.[4] Plaintiff here is seeking no recovery against the third-party defendant. It is undisputed that the court here properly entertains jurisdiction in the main action. The majority of the courts have considered third-party practice as "ancillary", and have not inquired into the existence of independent jurisdictional grounds. The third-party action is clearly ancillary, and thus is properly before the court.[5] The motion to dismiss will be denied.

1. The order attached expressly excludes the necessity for the third-party defendant to answer the complaint of the original plaintiff.

2. Moore's Federal Practice, Second Edition, Vol. 3, § 14.26, p. 495.

3. Baltimore & Ohio R. Co. v. Saunders, 4 Cir., 159 F.2d 481.

4. Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841; Keller v. Kornegay, D.C.E.D.N.C., 9 F.R.D. 103.

5. 3 Ohlinger's Federal Practice, 270.