## BLAIR v. CLEVELAND TWIST DRILL CO.

### No. 10579.

United States Court of Appeals
Seventh Circuit.

July 2, 1952.

Francis X. Busch, James J. Magner, Chicago, Ill., for appellant.

James A. Dooley, William C. Wines, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from an order striking and dismissing a cross-claim filed by appellant, the Railroad, against its co-defendant, the Drill Company, in a personal injury suit in which appellant's liability was predicated on the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and appellee's, on the furnishing of a defective tool. The appeal raises questions relating to the construction and scope of Rule 13(g) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

Plaintiff was employed by the Railroad as an electric lineman. According to his complaint, he was injured while working on the steel work of a catenary bridge, when a high speed drill he was operating burst and a fragment struck his eye causing permanent partial loss of vision. He charged negligence on the part of the Railroad in the operation and control of the drilling machine and catenary bridge, furnishing of a defective drill, failing to exercise ordinary care to provide a safe place to work, failing to provide a mask or goggles for his use, and adopting an unsafe and dangerous method for performing the work on which he was engaged. He charged negligence on the part of the Drill Company in manufacturing and supplying a drill which was defective and unsafe when used for the purpose for which it was intended, with knowledge of such purpose; failing to temper and inspect the drill; and selling a drill not reasonably fit for the purpose for which it was intended, thereby breaching its statutory warranty of fitness.

The Railroad filed answer admitting employment of plaintiff but denying all allegations of negligence on its part, and cross-claim (1) alleging that the drill involved was a new one, purchased from the Drill Company in reliance on its skill and judgment in the manufacture of such devices, and (2) repeating plaintiff's allegations of negligence on the part of the cross-defendant.

The Drill Company filed answer denying all allegations of negligence on its part. It also filed motion to strike the cross-claim on the ground that (1) the complaint alleged joint acts of negligence on the part of both defendants and that they were therefore joint tort-feasors, from which it followed that the cross-claim represented an attempt to obtain contribution which could not be had between joint tort-feasors, (2) the alleged negligence of the Drill Company was no defense to the Railroad's liability under the Federal Employers' Liability Act, and (3) the cross-claim was premature in that no liability had as yet been established against the Railroad.

In granting the motion to strike and dismissing the cross-claim the court stated that "it does not belong in this lawsuit. * * * You might have a right of action, if there is a recovery, against the other defendant—you may have a right in another lawsuit. Here they are charged as tort-

feasors." The order provided that the dismissal was "without prejudice to such rights, if any, as the cross-complaint may have after the disposition of the principal action; * * *" Upon a finding that there was no just reason for delay in the entry of judgment disposing of the cross-claim, the court directed that this judgment be entered accordingly and that the "above and foregoing order stand as a final judgment dismissing said cross claim * * * for the purposes of this the above entitled proceeding."

Rule 13(g) provides as follows:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or * *. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Since it appears from this rule that the Railroad is entitled to file its cross-claim if the Drill Company "is or may be liable" to it, we think that is the first question presented on this appeal. Obviously, if the first contention of the Drill Company, asserted in its motion to strike and dismiss, that there can be no contribution between joint tort-feasors, is valid, then the Railroad is not entitled to the relief prayed under Rule 13(g).

This question was fully discussed in Gulf, Mobile & Ohio R. Co. v. Arthur Dixon Transfer Co., 343 Ill.App. 148, 98 N.E.2d 783. That case also involved a claim arising out of the Federal Employers' Liability Act. Plaintiff, the railroad, after due notice to the defendant whose negligence, plaintiff contended, was responsible for the injury, settled the claim by the payment of $15,000 to its injured employee. It filed suit for the full amount of the settlement. According to the authorities there cited and discussed, it appears to be fully established that there is a right of action on implied indemnity where liability under the Act was caused by the act of a third person. This is one of the exceptions to the general rule of no contribution between joint tort-feasors. That being the case, the Drill Company may be liable to the Railroad for all or a part of the claim asserted against both in plaintiff's action, and the Railroad is entitled, under Rule 13(g), to plead that liability in the same proceeding. In fact, one of the examples stated for the use of cross-claim procedure in 1 Barron and Holtzoff, Federal Practice and Procedure, § 397, is that an employer sued for an injury of an employee, seeking recovery over in the event of an adverse judgment, may file a cross-claim against a co-defendant whose negligence is alleged to be the proximate cause of the injury. See also Bohn v. American Export Lines, Inc., D.C., 42 F.Supp. 228, a case likewise involving an action under the Federal Employers' Liability Act.

On this appeal the Drill Company does not reach the question of its possible liability to the Railroad, contending only that (1) the order from which the appeal was taken was not final and is not appealable, and (2) even if it is appealable, it did not decide the substantive question of the Railroad's right of action against the Drill Company, and the only question on appeal is whether the District Court abused its discretion in refusing to complicate the main trial by injecting therein issues as to the liability *vel non* of the Drill Company and the Railroad.

In support of its principal contention, as to appealability, the Drill Company relies mainly on the case, Baltimore & Ohio R. Co. v. United Fuel Gas Co., 4 Cir., 154 F. 2d 545. That case involved practice and procedure under Rule 14 relating to third-party practice prior to its 1948 amendment, and the court dismissed an appeal from the denial of a motion under Rule 14 to implead two other parties as premature. When error was again asserted on appeal from the final judgment in the case, with respect to its earlier ruling, the court stated, 159 F.2d 481, 483: "The question whether third party defendants may be brought in on motion is ordinarily a matter resting within the sound discretion of the trial judge. * * * The discretion was prop-

erly exercised here in denying a motion which would have required plaintiffs to litigate a cause of action which they did not assert in their complaint against parties whom they did not join as defendants, and whose joinder, if they had been joined, would have defeated the jurisdiction of the court." The ruling might have been otherwise under the 1948 amendment of Rule 14(a) eliminating the phrase authorizing impleader of persons primarily liable to the plaintiff and limiting such impleader to persons secondarily liable to the original defendant. See 1 Barron and Holtzoff, Federal Practice and Procedure, §§ 421–424.

We find the Baltimore & Ohio case no authority for the Drill Company's contention that the order dismissing a cross-claim filed under Rule 13(g) was not final and appealable. Rules 13 and 14 are both intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically. They are remedial and should be liberally construed. While both permit of some discretion on the part of the court, there must be sound reason for the exercise of such discretion to deny the relief made possible thereunder. And when the effect of the abuse of that discretion is the denial of that relief, and the relegating of the applicant therefor to a new and separate action, we think it is final as to the proceeding in which the relief is sought and denied. It follows that, under Rule 54(b), with the requisite determination that there is no just reason for delay in the entry of judgment disposing of the cross-claim, the judgment has appealable finality. So here, even though the judgment was not on the merits in that it purported to be without prejudice as to the ultimate rights as between the two defendants, it was final as far as this proceeding was concerned in that it deprived the Railroad of its right, recognized by Rule 13(g), to have its cross-claim against the Drill Company adjudicated in the same proceeding.

The Drill Company further contends, in effect, that it was entitled to a separate trial presumably on the basis of Rule 42(b), because of the complexities which would arise from the different defenses available to the two defendants. But that was not the effect of the order here involved which was a final dismissal, not a postponement of trial. We have some doubts that the right of the Drill Company, a defendant in the original action, to a separate trial of the issues is superior to that of the Railroad, a co-defendant in the original action, to have all issues raised by that original action and its own cross-claim tried together. However, that question is not before us now. The appeal is not from an order granting separate trial under Rule 42(b); it is from the dismissal of a cross-claim on the stated ground that "it does not belong in this lawsuit." This was erroneous.

Judgment reversed and cause remanded for further proceedings.