**FORD MOTOR CO. v. MILBY et al.**

**FORD MOTOR CO.**

v.

**MAHONE et al.**

Nos. 6751, 6752.

United States Court of Appeals Fourth Circuit.

Argued Jan. 14, 1954.

Decided Feb. 2, 1954.

George E. Allen and R. E. Cabell, Jr., Richmond, Va., in support of motions to dismiss.

Aubrey R. Bowles, Jr., Richmond, Va., in opposition.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are motions to docket and dismiss appeals from orders refusing to allow the defendant, the Ford Motor Company, to implead as a third party defendant, the Richmond Motor Company. After our reversal of the judgment in favor of the plaintiff in the case of Mrs. Mahone, see Ford Motor Co. v. Mahone, 4 Cir., 205 F.2d 267, the plaintiffs in the cases of both Mrs. Mahone and Mrs. Milby amended their complaints so as to allege that the Richmond Motor Company was the agent of the Ford Motor Company and that the latter was liable for the negligence of the former resulting in injury to plaintiffs. Thereupon the Ford Motor Company sought to file a third party complaint against the Richmond Motor Company asking recovery over against that company for any judgment which might be obtained against the Ford Motor Company because of the Richmond Motor Company's negligence. From orders dismissing these third party complaints, the Ford Motor Company has appealed and the plaintiffs have moved to docket and dismiss the appeals so taken as fragmentary and premature.

■ We think it clear that the motions to docket and dismiss must be granted, as the orders refusing to allow the impleading of the third party defendant and striking the third party complaints are not final judgments from which appeals may be taken. Baltimore & O. R. Co. v. United Fuel Gas Co., 4 Cir., 154 F.2d 545; County Bank, Greenwood, S. C., v. First National Bank of Atlanta, 4 Cir., 184 F.2d 152; C. B. S. Steel & Forge Co. v. Shultz, 9 Cir., 191 F.2d 683. The cases cited deal with attempts to appeal from orders refusing to allow the impleading of third party defendants under the Federal Rules of Civil Procedure, 28 U.S.C. and are on all

fours with the case at bar. Equally in point, although dealing with the admiralty practice which served as the basis of the third party practice of the rules is Oneida Nav. Corp. v. W. & S. Job & Co., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697. See also note 16 A.L.R.2d 1027–1028.

■ We think, however, that in the interest of the prompt disposition of this litigation, which has already occupied an undue portion of the time of the courts, we should say, in line with our action in Carolina Mills, Inc., v. Corry, 4 Cir., 206 F.2d 76, that all of the judges of this court are of opinion that there is no legal objection to permitting the Richmond Motor Company to be brought in as a third party defendant. The rule laid down in Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, 916, and cases therein cited, is not applicable, since what is sought here is not to bring in as a third party defendant a joint tort-feasor alleged to be liable to plaintiff along with defendant, and thus require plaintiff to sue one whom plaintiff in bringing the action has elected not to sue, but to bring in one alleged to be liable to defendant for any recovery that plaintiff may obtain against the defendant. We have no doubt as to the correctness of the rule laid down in the case of Pierce v. Ford Motor Co., supra, and Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, the case upon which it is based; and it is to be noted that the 1948 amendment of Rule 14 eliminated from the rule the language permitting the joinder condemned in those cases. The bringing in of a third party defendant liable to the original defendant for a liability asserted by plaintiff against the original defendant alone is an entirely different matter. See Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842.

■ While the bringing in of third party defendants is a matter resting in the sound discretion of the trial judge, the exercise of the discretion will not be allowed to stand where based upon an erroneous view of the law. Glens Falls Indemnity Co. v. Atlantic Building

Corp., 4 Cir., 199 F.2d 60. The discretion, furthermore, is one to be exercised upon sound principles; and only very unusual circumstances would justify the court in denying the joinder of one whose negligence is alleged to be the basis of liability of the defendant named, as the joinder would enable the court to dispose of all questions arising out of such negligence in one trial. Other questions which might be brought in by the presence of the third party need not breed confusion, since the trial judge, under the provisions of rule 42, has it completely within his power to determine what issues shall be tried together and what separately. As the orders from which appeal is attempted are not final, the trial judge has power to reconsider the action taken with respect to bringing in the Richmond Motor Company as a third party defendant; and he may think proper to do this in the light of what is here said.

Appeals dismissed.