Harold DYKE

v.

William W. SECHRIST and Buster Miller, individually and t/a Delmar Transfer, and Arthur A. Gallagher and Dottie Gallagher, Trustee of the Estate of Edward A. Gallagher, deceased, t/a E. A. Gallagher & Sons.

Civ. A. 9349.

United States District Court
D. Maryland,
Civil Division.

Nov. 25, 1957.

A. Adgate Duer, Baltimore, Md. (Niles, Barton, Yost & Dankmeyer) Baltimore, Md., J. Randolph Larrick, John F. Anderson, Winchester, Va., for plaintiff.

Paul F. Due, Baltimore, Md., for defendants Gallaghers and Sechrist and Miller.

Paul F. Due, and Wilbur D. Preston, Jr., Baltimore, Md., for third-party plaintiffs.

James J. Lindsay, Baltimore, Md., for Novick Transf. Co.

CHESNUT, District Judge.

■ The question presently before the court is whether the defendants in this case should be allowed to file a third-party complaint against the Novick Transfer Co., said to be a corporation of the State of Virginia, for *contribution* to the original defendants as a joint tort feasor for the accidental injuries for which the plaintiff is suing the individual defendants. The cause of action of the plaintiff is based on the allegation that the plaintiff, while driving a tractor-trailer on a Maryland highway, was injured in a collision between his vehicle and a tractor-trailer driven by the defendant, Sechrist, as the agent of the other defendants, Miller and the Gallaghers.

The suit was filed by the plaintiff on January 2, 1957. The defendants answered in February and March 1957. The petition of the defendants to bring in the Novick Transfer Co. as a third-party defendant for joint contribution was not filed until August 7, 1957. At that time a show cause order was entered giving the Novick Co. an opportunity to object to the requested order to bring it in as a third-party defendant. On September 3, 1957, the Novick Transfer Co. filed opposition to the proposed order. That is the matter now before the court on which counsel for the defendants and the Novick Co. have been heard. Counsel for the plaintiff, Dyke, states that he does not oppose the order to bring in the Novick Co. although if the latter is a joint tort feasor he could have sued it in this case if there had been, and apparently there is not, diversity of citizenship.

The pleadings so far in the case purport to show the following particularly as to the citizenship respectively of the several original parties and that of the proposed third-party. The plaintiff is a citizen of *Virginia*. Of the three defendants, Sechrist is by an amendment now stated to be a citizen of *North Carolina;* the defendant, Miller, is a citizen of *Maryland,* and the Gallaghers are citizens of *Pennsylvania*. Miller is said to be the owner of the tractor which Sechrist was driving; the Gallaghers were owners of the trailer driven by Sechrist, and the tractor was leased to the Gallaghers. Heretofore and before the defendants' petition to bring in the third-party was filed, the plaintiff and the defendants by stipulation agreed to take depositions of two witnesses and pursuant thereto the depositions of these apparently material witnesses have been taken and filed in the case. The Novick Transfer Co. had no notice of the taking of these depositions and was naturally not represented when they were taken. One of the reasons now stated in its opposition to being brought in as a third-party is based on this latter fact.

In considering the question now presented, it must be borne in mind that Federal Civil Rule No. 14, 28 U.S.C.A. as originally approved as of September 17, 1938, permitted bringing in a third-party defendant on the ground that he might be liable either to the plaintiff or to the defendant. This rule was amend-

242

ed in 1946 to eliminate the contingency with respect to possible liability to the plaintiff. The Court of Appeals of this Fourth Circuit has decided at least three cases dealing with certain aspects of the present question. In Baltimore & O. R. Co. v. Saunders, 1947, 159 F.2d 481, applying rule 14 as it stood before the amendment, it was said that where the defendant's petition to bring in a third-party indicated a possible liability of the third-party *to the plaintiff*, and the third-party proposed was a citizen of the same State as the plaintiff, the third-party could not properly be brought into the case. In the alternative, dealing with the ground of the petition to bring in the third-party based on possible liability as a joint tort feasor (where the original defendant and the proposed third-party were citizens of different States) there was no sufficient substantive basis in the particular case by the applicable State law (West Virginia) under the facts stated to warrant the order.

In a later case, Pierce v. Ford Motor Co., 4 Cir., 1951, 190 F.2d 910, in reversing a judgment in favor of the original defendant, the court also said it was erroneous for the district judge to order the bringing in of two third-party defendants separately where the said parties were citizens of the same State as the plaintiff, and had not been sued by the plaintiff although these parties were citizens of a different State from that of the original defendant.

In the next case, Ford Motor Co. v. Milby, 4 Cir., 1954, 210 F.2d 137, after the amendment of the rule in 1946, it was said, in a per curiam opinion, at page 138—

"* * * all of the judges of this court are of opinion that there is no legal objection to permitting the Richmond Motor Company to be brought in as a third party defendant. The rule laid down in Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, 916, and cases therein cited, is not applicable, since what is sought here is not to bring in as a third party defendant a joint tortfeasor alleged to be liable to plaintiff along with defendant, and thus require plaintiff to sue one whom plaintiff in bringing the action has elected not to sue, but to bring in one alleged to be liable to defendant for any recovery that plaintiff may obtain against the defendant. * * The bringing in of a third party defendant liable to the original defendant for a liability asserted by plaintiff against the original defendant alone is an entirely different matter. See Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842."

The Richmond Motor Company referred to in this quotation was a citizen of a different State from that of the original defendant, that is, there was diversity of citizenship between these two parties.

In the instant case there is alleged diversity between each of the original defendants and the third-party. Whether such diversity is necessary to the order requested is perhaps still an open question as there seems to be conflicting decisions upon the point. In many cases arising on motions, I have held the court could order in the third-party defendant where there was this diversity. And it may be noted that in Moore's Federal Practice, Vol. 3, p. 494, s. 14.26, the author's decided view is that bringing in the third-party defendant is within the general jurisdiction of the federal court as an ancillary matter and that no diversity is absolutely requisite. However, that question is not present here in this case.

But there are other substantial objections to bringing in this particular third-party. The request is not to bring it in on the ground that it is liable to the original defendants alone for indemnity but for joint contribution as joint tort feasor in connection with the plaintiff's injuries. The particular ground for

bringing it in as a joint tort feasor is stated in the proposed third-party complaint to be that the Novick Transfer Co. improperly loaded the trailer driven by the plaintiff, Dyke, and that by reason of the collision with the defendants' vehicle and the force of the collision caused a shifting of the load in the trailer which substantially and materially increased the injuries which the plaintiff received from the accident.

Another opposing reason is the already sufficiently complicated nature of the original suit, particularly with regard to the participation of liability, if any therein, of the three separate defendants, one being the driver of the alleged negligently operated vehicle, another being the owner of a part of the tractor-trailer combination driven by the plaintiff, and a third being the lessee of the equipment, and indeed a fourth as trustee of the estate of one of the lessees.

Still another reason for not bringing in the third-party is that the nature of the allegation against it as a joint tort feasor would require trial in the one case of two separate and distinctly different kinds of negligence. The plaintiff's complaint against the defendants is for negligent operation of a motor vehicle on a Maryland highway allegedly contrary to Maryland traffic statutes; while the apparent allegation in the third-party complaint proposed by the defendants against the Novick Transfer Co. is its negligence in loading the trailer at a point outside of Maryland.

In view of the special circumstances in this particular case I conclude that the petition to bring in the third-party should not be allowed. The principal reasons for this conclusion are (1) the defendants delay in filing their petition to bring in the third-party. In the meantime depositions of material witnesses have been taken by stipulation of the plaintiff and defendants without notice to or representation by the proposed third-party; (2) the respective liabilities, if any, of the three separate defendants is already seemingly a possibly complicated matter; (3) the nature of the alleged negligence of the Novick Transfer Co. is possibly different from that of the alleged negligence of the defendants; (4) as the basis for bringing in the third-party is to get joint contribution from it as a joint tort feasor and not indemnity, it is at least very doubtful whether it is permissible to bring in the third-party under the prior decisions in this Circuit above referred to; (5) the refusal to bring in the third-party in this case should not prejudice the defendants in the event they are held liable to the plaintiff because they can thereafter obtain such redress as they may be entitled to in a separate suit and apparently also in this State because it will be noted in the record that service has heretofore been made upon the Novick Transfer Co. with respect to the show cause order on a local agent or representative.

Although I think the court would have jurisdiction to order in the third-party so far as diversity of citizenship is concerned, I conclude that as a matter of sound discretion the order should not be made. And it is well established at least in this Circuit, that the action of the court in allowing or disallowing the petition to bring in a third-party is a matter of sound judicial discretion reviewable, of course, on appeal if the discretion is based on an erroneous view of the applicable law. See Ford Motor Co. v. Milby, supra. I appreciate that where there is no jurisdictional objection, rule 14 should be liberally applied in order to avoid unnecessary duplication of litigation; but in view of all the circumstances of this case and the matters particularly reviewed, I conclude that the order requested should not be granted. Therefore, it is Ordered by the court this 25th day of November, 1957, that the petition of the defendants to bring in the Novick Transfer Co. as a third-party defendant is hereby denied.