William W. SECHRIST, Buster Miller, and Arthur A. Gallagher and Lottie Gallagher, Trustees of the Estate of Edward A. Gallagher, deceased, t/a E. A. Gallagher & Sons, Appellants,

v.

Harold DYKE and Novick Transfer Company, Inc., Appellees.

No. 7613.

United States Court of Appeals Fourth Circuit.

Argued April 14, 1958.

Decided June 18, 1958.

Paul F. Due, Baltimore, Md., for appellants.

Frederick J. Green, Jr., Baltimore, Md. (James J. Lindsay, Baltimore, Md., on the brief), for Novick Transfer Co., Inc., appellee.

J. Randolph Larrick, John F. Anderson, Winchester, Va., A. Adgate Duer, and Niles, Barton, Yost & Dankmeyer, Baltimore, Md., on the brief, for Harold Dyke, appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and PAUL, District Judge.

PAUL, District Judge.

The appellants in this case are William W. Sechrist, Buster Miller, and Arthur A. Gallagher and Lottie Gallagher, Trustees of the estate of Edward A. Gallagher, trading as E. A. Gallagher & Sons. They are respectively citizens of North Carolina, Maryland and Pennsylvania and are defendants in an action brought against them by Harold Dyke, a citizen of Virginia, which is pending in the District Court for the District of Maryland. The action grew out of a collision between two tractor-trailers as a result of which personal injuries were suffered by Dyke, who was the driver of one of the vehicles.

The appeal is taken from an order of the District Court, dated November 25, 1957, by which the court denied the petition of appellants to bring in Novick Transfer Company, Inc., a Virginia corporation, as a third party defendant— Novick Transfer being the owner of the vehicle operated by the plaintiff, Dyke. The third-party complaint alleged that Dyke's injuries were due to improper loading of the Novick trailer and that Novick, as a joint tort feasor, was liable for all or part of any amount which Dyke might recover against appellants.

In an opinion delivered by the District Court it pointed out that the request to bring in the third-party was not on the basis that it was liable to the defendants as an indemnitor but on the ground that it was a joint tort feasor subject to contribute jointly to any damages recovered by the plaintiff. The court also noted that if Novick was a joint tort feasor the plaintiff could have made it a defendant in the case except for the identity of citizenship. Under these circumstances the court expressed the opinion that there was question as to whether Novick could be brought in as third-party defendant

without ousting the jurisdiction of the court.

The District Court, however, felt it unnecessary to resolve the question of the possible jurisdictional failure which might result from bringing in Novick. It expressed the opinion that the peculiar circumstances of the case were such as that the introduction of Novick as a third-party defendant would complicate and confuse the issues to be tried. It held therefore that the court, in the exercise of its discretion, should refuse to bring Novick in. At the same time it noted that if the defendants were held liable to the plaintiff they would be free to press their separate suit against Novick for any redress to which they were entitled.

We find no need to discuss the questions raised before the District Court nor the arguments pressed upon us by the appellants here. We are met at the outset with the contention on the part of Novick that the appeal should be dismissed as not being one from a final decision of the District Court and therefore premature. 28 U.S.C. § 1291. It is clear, as will appear from previous decisions of this court, that this position is well founded.

In Baltimore & O. R. Co. v. United Fuel Gas Co., 154 F.2d 545 (decided in 1946), we specifically held that the denial by the District Court of a motion to implead a third-party defendant was not a final judgment from which an appeal could be taken; citing numerous authorities. Again in County Bank of Greenwood v. First Nat. Bank of Atlanta, 1950, 184 F.2d 152, we dismissed as premature an appeal from a District Court order dismissing a third-party complaint. In Ford Motor Co. v. Milby, 1954, 210 F.2d 137, we took the same action for the same reason. It is the well settled rule that an order dismissing a third-party complaint or refusing to do so is not a termination of the litigation from which an appeal can be taken. In addition to the cases above cited, see the following from other Federal jurisdictions: Carlisle v. S. C. Loveland Co., 3

Cir., 175 F.2d 418; C B S Steel & Forge Co. v. Shultz, 9 Cir., 191 F.2d 683. And see a lengthy note in 16 A.L.R.2d 1023, where there are cited the cases from various state jurisdictions stating the same rule.

Appeal dismissed.