Charles C. HASSETT
v.
MODERN MAID PACKERS, INC., and George A. Janesko, Defendants & Third-Party Plaintiffs,
John A. Clements, Third-Party Defendant.

Edward A. METCALF
v.
MODERN MAID PACKERS, INC., a body corporate, and George Albert Janesko, Defendants and Third-Party Plaintiffs,
John A. Clements, Third-Party Defendant.

Emmett F. MOORE
v.
MODERN MAID PACKERS, INC., a body corporate, and George Albert Janesko, Defendants and Third-Party Plaintiffs,
John A. Clements, Third-Party Defendant.

STATE OF MARYLAND, for the use of Erna I. GORDIEYEFF, surviving widow of V. Alexander Gordieyeff, deceased, and Erna I. Gordieyeff, administratrix of the estate of V. Alexander Gordieyeff, deceased,
v.
MODERN MAID PACKERS, INC., a body corporate, and George Albert Janesko, Defendants and Third-Party Plaintiffs,

John A. Clements, Third-Party Defendant.

John A. CLEMENTS, to his own use and to the use of the Government Employees Insurance Co.

v.

MODERN MAID PACKERS, INC., a body corporate, and George Albert Janesko.

Civ. Nos. 10959, 11103–11105, 11117.

United States District Court
D. Maryland.

April 16, 1959.

W. Hamilton Whiteford, Baltimore, Md., for plaintiff Hassett.

Paul Berman, Baltimore, Md., for plaintiffs Metcalf, Moore & Gordieyeff.

Vernon H. Wiesand, Baltimore, Md., for Clements as plaintiff.

F. Gray Goudy and Herbert Burgunder, Jr., Baltimore, Md., for Modern Maid Packers, Inc., and George Albert Janesko, defendants and third party plaintiffs.

Frederick J. Green, Jr., Baltimore, Md., for Clements as third party defendant.

THOMSEN, Chief Judge.

These five actions arise out of an automobile accident in the State of Maryland in which a car driven by Clements collided with a truck owned by one defendant and driven by the other. Both defendants are citizens of Pennsylvania. The three surviving passengers in the Clements' car, the widow and executrix of a deceased passenger, and Clements him-

self, all of whom are citizens of Maryland, sued defendants in this court. Defendants filed a third-party complaint against Clements in each of the four passenger suits, claiming contribution under the Maryland Joint Tort-Feasors Act, Ann.Code of Md., 1957 ed., Art. 50, Sec. 17.

I. Clements has moved to dismiss the third-party complaints for lack of jurisdiction.

II. Defendants have moved to consolidate the five cases for trial.

### I.

■ There is diversity of citizenship between defendants and third-party defendant, Clements. There is no diversity between plaintiffs and Clements. But plaintiffs have not amended their complaints to make any claim against Clements, and defendants did *not* bring him in as a person who is or may be liable to *plaintiffs* for a part or all of plaintiffs' claims against defendants. The defendants brought Clements in under Rule 14, F.R.Civ.P., 28 U.S.C.A., as a person who is or may be liable to *defendants*, under the Maryland statute, for all or part of plaintiffs' claims against defendants.

The cases under Rule 14, F.R.Civ.P., as amended in 1946, eff. 1948, and 28 U.S.C.A. § 1332, are nearly unanimous in holding that diversity between the plaintiff and the third-party defendant in such a case is not necessary, but that diversity between the defendant and the third-party defendant is sufficient.[1] See e. g. Smith v. Philadelphia Transp. Co., 3 Cir., 173 F.2d 721, 724 note 2; Keller v. Kornegay, D.C.E.D.N.C., 9 F.R.D. 103; Gersich v. London & L. I. Co., D.C.W.D. Wis., 12 F.R.D. 83; Liverseed v. Mariani, D.C.Minn., 12 F.R.D. 69; Moore's Federal Practice, 2d ed., secs. 14.25, 14.26, especially p. 495.

Counsel for Clements cites three Fourth Circuit cases. Baltimore & O. R. Co. v. Saunders, 159 F.2d 481, dealt with an effort under Rule 14, as it stood before amendment, to bring in as a third-party defendant a citizen of the same state as the plaintiff. The court held (a) that insofar as the third-party complaint alleged that the third-party was liable to the *plaintiff*, along with the defendant, the lack of diversity between the plaintiff and the third-party defendant was fatal, and (b) that insofar as the third-party was alleged to be liable to the *defendant* as a joint tort-feasor, the West Virginia law with respect to contribution between joint tort-feasors did not provide a sufficient *substantive* basis to warrant the joinder. Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, followed Saunders, but did not mention the amendment to Rule 14, nor discuss the Virginia law with respect to contribution. In Ford Motor Co. v. Milby, 4 Cir., 210 F.2d 137, the court noted that "the 1948 amendment of Rule 14 eliminated from the rule the language permitting the joinder condemned in those cases. The bringing in of a third party defendant liable to the original defendant for a liability asserted by plaintiff against the original defendant alone is an entirely different matter. See Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842." 210 F.2d at page 138. It is true that the claim of the defendant against the third-party defendant in Milby was for indemnity and not for contribution, but Blair, cited by the Fourth Circuit, was a contribution case, and so were Smith, Keller, Gersich, and Liverseed, cited above. Judge Gilliam's opinion in Keller is particularly illuminating.

■ Unlike the West Virginia law involved in Saunders, but like the North Carolina law involved in Keller, the

---

[1] Many cases go further and hold that the third-party proceeding is ancillary to the original action, and that diversity between the defendant and the third-party defendant is not required. Foster v. Brown, D.Md., 22 F.R.D. 471, Chesnut, J., Moore, sec. 14.26.

Maryland statute creates an inchoate right to contribution among joint tortfeasors, even though there has been no joint judgment against them. In Dyke v. Sechrist, D.C.Md., 21 F.R.D. 240, 243 (app. dis. sub. nom. Sechrist v. Dyke, 4 Cir., 256 F.2d 881) the diversity situation was similar to that in the instant suits, but there were other reasons, not present here, why the third-party should not be brought in. Judge Chesnut noted that it is doubtful whether it is permissible to bring in the third-party under the prior decisions in this Circuit, but concluded: "Although I think the court would have jurisdiction to order in the third-party so far as diversity of citizenship is concerned, I conclude that as a matter of sound discretion the order should not be made."

Judge Chesnut's opinion—that the court would have jurisdiction to order in the third-party so far as diversity of citizenship is concerned—is supported by reason as well as authority. Moreover, it will save time for parties, witnesses, counsel and courts, to have the entire matter disposed of at one trial. The Maryland substantive law and the Federal procedural law, read together, permit the third-party defendant to be brought in under these circumstances.

## II.

■ The five cases should be consolidated for trial under Rule 42(a), but, as permitted by Rule 42(b), the jury shall first hear the evidence on the issue of liability and decide that issue for all of the cases. If the verdict is in favor of the plaintiffs or some of them, the same jury shall next hear the evidence and determine the amount of damages which should be awarded to Hassett, who filed the first action and received the most serious injuries. They shall next hear and determine the amount of damages to be awarded to Metcalf, who filed the second action, and then the amount of damages to be awarded to Moore, who filed third. I will reserve for later decision the question whether the jury should

next hear and determine the amount of damages in the death case, or in the case of Clements, if the jury decides in his favor.

### Order

I.   Clements' motions to dismiss the third-party complaints are hereby denied.

II.   Defendants' motion to consolidate the five cases is hereby granted, subject to the limitations set out above.