**ATTALA HYDRATANE GAS, INC.,**
Plaintiff,

v.

**LOWRY TIMS COMPANY, Inc.,**
Defendant.

No. EC6615.

United States District Court
N. D. Mississippi, E. D.
Sept. 27, 1966.

---

O. B. Triplett, Jr., O. B. Triplett, III, Forest, Miss., William S. Cain, Ray, Spivey & Cain, Canton, Miss., David E. Crawley, Jr., Crawley & Ford, Kosciusko, Miss., for plaintiff.

Robert G. Johnston, Alexander, Feduccia & Alexander, Cleveland, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

CLAYTON, Chief Judge.

Plaintiff, Attala Hydratane Gas, Inc., moves to consolidate this action with that of plaintiffs in No. EC6613, Potts-Miller Gas Company of Kosciusko v. Lowry Tims Company, Inc.; No. EC6614, Central Hydratane Gas, Inc. v. Lowry Tims Company, Inc.; and No. EC6616, Hardage Butane v. Lowry Tims Company, Inc., pursuant to Rule 42(a), Federal Rules of Civil Procedure.

Plaintiff in this cause and plaintiffs in the other three causes are seeking relief against a common defendant, Lowry Tims Company, Inc., for alleged price discriminatory practices in violation of the Robinson-Patman Act, 15 U.S.C. § 13 et seq. All four plaintiffs are represented by the same attorneys and the defendant, in each one of the four cases, is represented by the same firm.

Defendant opposes consolidation of these causes primarily because the measure of damages sought allegedly would be different as to each plaintiff and the proof of the same would be confusing, as well as prejudicial, to the interests of the defendant.

Rule 42(a), Federal Rules of Civil Procedure, is designed and intended to encourage the consolidation of actions, e. g., United States v. Knauer, 7 Cir., 149 F.2d 519; 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500, and the court, in the exercise of the broad discretionary authority allowed by Rule 42(a) and decisions relating to consolidation, see, e. g., Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955), should allow this remedy as a matter of convenience and economy whenever it is reasonable under the circumstances to do so.

Consolidation is not limited to actions involving identical parties, see Williams v. National Surety Corporation, 257 F.2d 771 (5th Cir. 1958); 2B Barron & Holtzoff Federal Practice and Procedure (Wright Ed.1961) § 942, p. 180, but is available to different parties, such as those involved here, in actions having common questions of fact and law. Williams v. National Surety Corporation, supra.

Because of the substantial number of common issues of law and fact involved in these causes, and because potential confusion on the part of jurors on the issue of damages is not a sufficient reason to refuse consolidation under the circumstances of these cases, plaintiff's motion to consolidate is considered well taken and will be sustained, but for trial only. See 35B C.J.S. Federal Civil Procedure § 916 (1960).

In sustaining this motion, however, the court specifically calls attention to the fact that it has the right, if necessary, to hear separately any claim, issue, or number of claims or issues, or to impose any

other limitations or restrictions necessary in these causes to prevent confusion or prejudice. See Rule 42(b) Federal Rules of Civil Procedure, Hassett v. Modern Maid Packers, Inc., 23 F.R.D. 661 (D.D. Md.1959).

In accordance with the foregoing, it is ordered:

1) That the cases numbered EC6613, EC6614, EC6615, and EC6616 shall be and hereby are consolidated for trial.

2) That the clerk is hereby directed to enter and file this memorandum opinion and order in the jacket file of No. EC6615 and to file a copy of it in the jacket files of the other three cases, noting such filings on the docket sheets of said cases.