**CHESTNUT RUN FEDERAL CREDIT UNION, a Federal Credit Union, a corporation chartered under the Laws of the United States, Plaintiff,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE OF WISCONSIN, a Corporation of the State of Wisconsin, Defendant and Third-Party Plaintiff,**

v.

**Harry B. KAUFFMAN, Jr., Third-Party Defendant.**

**Civ. A. No. 74-225.**

United States District Court,
D. Delaware.

April 9, 1975.

tiff, as we point out more fully *infra* in our Memorandum Opinion.

Clifford B. Hearn, Jr., Wilmington, Del., for plaintiff.

F. Alton Tybout, Tybout, Redfearn & Schnee, Wilmington, Del., for defendant and third-party plaintiff.

Aubrey B. Lank, Theisen, Lank & Mulford, Wilmington, Del., for third-party defendant.

## OPINION

EDWIN D. STEEL, JR., Senior District Judge:

The case is before the Court on the motion of the third party defendant to dismiss the third party complaint.

Plaintiff alleges that its former treasurer, Kauffman, failed in the performance of his duties, negligently, criminally and otherwise, and as a result plaintiff sustained a property loss for which defendant is liable under the terms of an indemnity bond which defendant issued to plaintiff. Jurisdiction between plaintiff and defendant is based upon diversity of citizenship. The answer which defendant filed alleged lack of knowledge sufficient to form a belief as to Kauffman's alleged misdeeds, and has in effect denied them and liability under its bond. Under Rule 14(a) defendant filed a third party complaint against Kauffman which prayed for a judgment against Kauffman for whatever amount defendant might pay plaintiff as a result of any judgment which plaintiff obtained against it based upon the misconduct of Kauffman alleged in the complaint. The third party complaint alleges that defendant is subrogated under the terms of the bond to whatever rights plaintiff may have against Kauffman. Diversity of citizenship exists between the defendant and Kauffman.

The basis of Kauffman's motion to dismiss the third party complaint is lack of diversity of citizenship between the plaintiff and himself.

It is the general law that a third party claim which is cognizable under Rule 14 is ancillary to, and thus jurisdictionally dependent upon, the jurisdic-

tion of the original plaintiff's claim against the defendant and if jurisdiction exists as to that claim no independent grounds of jurisdiction need exist between plaintiff and the third party defendant to enable the Court to adjudicate the third party claim. See Schwab v. Erie Lackawanna R. R., 438 F.2d 62 (3rd Cir. 1971) and in particular the authority in fn. 12 on p. 67.

■ The cases which plaintiff cites to support a contrary rule are inapposite. Kenros Mfg. Co., Inc. v. Fred Whitaker v. Kilodyne, 16 F.R.Serv.2d 369 (4th Cir. 1972) and Friend v. Middle Atlantic Transportation Co., 153 F. 2d 778 (2nd Cir. 1946) both involved instances in which after the third party complaint had been filed plaintiff amended his complaint to assert a claim and seek relief against the third party defendant. It is settled that under Rule 14(a) jurisdictional facts must exist between a plaintiff and a third party defendant before plaintiff is permitted by way of amendment to add the third party defendant as a party defendant. Corbi v. United States v. Trans World Airlines, 298 F.Supp. 521, 522 (W.D.Pa. 1969). Understandably, whenever diversity between the plaintiff and the newly added defendant is lacking, the action will be dismissed under the well settled rule that diversity must exist between the plaintiff and all defendants.

Nor is Pierce v. Ford Motor Co., 190 F.2d 910 (4th Cir. 1951), cert. denied 342 U.S. 887, 72 S.Ct. 178, 96 L.Ed. 666 (1951) relevant. There, a passenger in a car brought suit against Ford based on the theory that the accident involved had occurred as a result of a blow out of a tire due to faulty workmanship by Ford. Ford filed a third party complaint against the plaintiff's husband, a citizen of the same state as plaintiff, who was the driver of the car thereby "invoking the third party practice to make Mrs. Pierce [plaintiff] sue an alleged joint tortfeasor whom she did not wish to sue and whose presence would have defeated the jurisdiction of the court if he had

been joined as a defendant originally." (190 F.2d p. 916). The Court said at 916:

"We do not think that the provisions of the statute requiring diversity of citizenship as a prerequisite of jurisdiction, or the rule that a plaintiff may at his election sue one joint tortfeasor without joining others, may be nullified in this way."

To support this conclusion the Court cited Baltimore & O. R. R. v. Saunders, 159 F.2d 481 (4th Cir. 1947) which in turn cited Friend v. Middle Atlantic Transportation Co., *supra*, both of which Kauffman relies upon.

In Ford Motor Co. v. Milby, 210 F.2d 137 (4th Cir. 1954) the Court stated that it had no doubt as to the correctness of the rule laid down in the Pierce v. Ford Motor Co., *supra* and Baltimore & O. R. R. v. Saunders, *supra*, cases, but it explained and distinguished them, pointing out that the rule had no application where (as in the case before it) the defendant was not seeking to bring in a third party defendant as a joint tortfeasor but only to hold the third party liable to the defendant if the plaintiff should obtain a judgment against the defendant. Further, the Court noted that the 1946 amendment of Rule 14, effective 1948, eliminated from the rule the language which permitted the joinder condemned in the *Friend* and *Baltimore & O.* cases. The Court was referring to the fact that prior to the 1946 amendment the rule provided that a defendant might serve a third party complaint upon a person "who is or may be liable to him for all or part of the plaintiff's claim against him *or against the plaintiff*." (Emphasis added). The amendment eliminated the italicized words. The Court said, 210 F.2d at 138:

"The bringing in of a third party defendant liable to the original defendant for a liability asserted by plaintiff against the original defendant alone is an entirely different matter. See Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842."

The case before this Court is of the latter category. It does not involve a claim by defendant that it and the third party defendant are joint tortfeasors as to the plaintiff. It is true that underlying plaintiff's claim against the defendant is the wrong done to plaintiff by Kauffman. Significantly, however, in the contractual action which plaintiff has brought against the defendant company for indemnification, plaintiff seeks no relief against Kauffman. Nor does the defendant assert that Kauffman is liable to the plaintiff. On the contrary, defendant's answer, in effect, denies plaintiff's allegations of wrongful conduct on the part of Kauffman.

In Hassett v. Modern Maid Packers, Inc., 23 F.R.D. 661 (D.Md.1959) the Court said at p. 663:

> "There is diversity of citizenship between defendants and third-party defendant, Clements. There is no diversity between plaintiffs and Clements. But plaintiffs have not amended their complaints to make any claim against Clements, and defendants did *not* bring him in as a person who is or may be liable to *plaintiffs* for a part or all of plaintiffs' claims against defendants. The defendants brought Clements in under Rule 14, F.R.Civ.P., 28 U.S.C.A., as a person who is or may be liable to *defendants*, under the Maryland statute, for all or part of plaintiffs' claims against defendants.
>
> The cases under Rule 14, F.R.Civ.P., as amended in 1946, eff. 1948, and 28 U.S.C.A. § 1332, are nearly unanimous in holding that diversity between the plaintiff and the third-party defendant in such a case is not necessary, but that diversity between the defendant and the third-party defendant is sufficient." (Emphasis supplied)

■ The general situation alluded to in *Hassett* is the one now before this Court. Since diversity exists between plaintiff and defendant in the original action, between defendant and third party defendant in the third party aspects of the action,* and defendant is seeking to hold the third party defendant liable only if it (the defendant) is held to be liable to plaintiff, there is no need for there to be an independent jurisdictional ground between plaintiff and the third party defendant to support the third party complaint.

The motion of the third party defendant to dismiss the third party complaint is denied.

---

* The Court expresses no view as to whether diversity is a jurisdictional prerequisite in the third party action.