[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (#102) MOTION TO STRIKE COUNTERCLAIM
The plaintiff in the above-captioned matter has moved the court to strike the counterclaim of the defendant arguing that the counterclaim does not arise out of the same transaction which is the subject of the plaintiff's complaint.
The complaint seeks the payment of interest which the plaintiff claims is owed by the defendant arising from a buy-out agreement between the defendant and the plaintiff's late spouse and ward, Edward J. McCallum IV.
The counter claim seeks a declaratory judgment that the plaintiff is to be responsible for 50% of any judgment which may be obtained against the defendant business for the cost of certain workers' compensation insurance which the plaintiff and his former partner, Louis H. Braun, Jr., incurred for their mutual benefit while doing business as partners in the operation of the defendant business.
Relevant considerations in determining whether the "transaction test" has been met include whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts. See Great Lakes RubberCorporation v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir.).
"Where the underlying purposes of Practice Book 78 [now 10-10], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged." Jackson v. Conland, 171 Conn. 161,166-67 (1976).
The "transaction test" is one of practicality, and the trial court's CT Page 15341-b determination as to whether that test has been met ought not be disturbed except for an abuse of discretion. Blair v. Cleveland Twist Drill Co.,197 F.2d 842.
In the instant case, the court finds that the claim by the defendant for a contribution for the cost of insurance incurred prior to the buy-out, which benefitted the plaintiff as well as his then partner, Louis H. Braun, Jr., constitutes a set-off of the amount of money the plaintiff seeks to collect for the sale of the business. The court further finds that it arises from the type of "transaction" contemplated in Sec.10-10, P.B. and that the inclusion of such a claim may avoid multiplicity of litigation between the same parties.
For the foregoing reasons, the motion to strike defendant's counterclaim is hereby denied.
By the Court,
Joseph W. Doherty, Judge CT Page 15341-c