Michael FEDORCHAK, Jr., and Mary
Fedorchak, his wife, Plaintiffs,

v.

MONTGOMERY WARD, Defendant,
Third-Party Plaintiff,

Carl D. KOHL, Mary Alice Kohl, and
Pearl B. Shearer, Third-Party
Defendants.

Civ. A. No. 5196.

United States District Court
M. D. Pennsylvania.

Aug. 30, 1955.

Carlon M. O'Malley, Scranton, Pa., for plaintiffs.

Richard H. Warren, Harris, Warren, Hill & Henkelman, Scranton, Pa., for defendant, third-party plaintiff.

J. Joseph McCluskey, Stroudsburg, Pa., for third-party defendants.

WATSON, District Judge.

This action was brought by the plaintiffs, citizens of Pennsylvania, against the defendant, Montgomery Ward, an Illinois corporation, to recover damages for personal injuries alleged to have been suffered by plaintiff Mary Fedorchak, when she tripped and fell at or near the entrance to defendant's store in Stroudsburg, Pennsylvania, on May 8, 1954. Plaintiff Michael Fedorchak, Jr., husband of plaintiff Mary Fedorchak, joined in this action to recover damages for the alleged loss of services and companionship of his wife and to recover the expenses incurred by him in providing care and treatment of his wife's injuries.

Defendant requested, and was granted, leave to join Carl D. Kohl, Mary Alice Kohl and Pearl B. Shearer, owners and lessors of the building occupied by defendant, as third-party defendants and summons and third-party complaint were subsequently served upon them.

Third-party defendants filed a motion to dismiss the action against them for the reasons that the Court lacks jurisdiction as the plaintiffs and the third-party defendants are citizens of Pennsylvania and the requisite diversity of citizenship between the parties is lacking; that the complaint and amended third-party complaint fail to state a claim against the third-party defendants upon which relief can be granted; that the amended third-party complaint is confusing and misleading because the facts as alleged in the third-party complaint concerning the alleged fall of plaintiff Mary Fedorchak differ from the facts set forth in plaintiffs' complaint and that because of this the third-party defendants are without knowledge or information sufficient to formulate a proper defense or answer.

A third-party complaint invoking ancillary jurisdiction of this Court will not be dismissed for lack of diversity of citizenship between original plaintiffs and third-party defendants so long as the original defendant remains in the case. Where jurisdiction has attached, diversity of citizenship need not exist between the plaintiff and the third-party defendant in a situation in which the third-party defendant is called upon to answer the claim of an original nonresident defendant. Therefore, despite the absence of diversity of citizenship between original plaintiffs and the third-party defendants in this action, the third-party complaint will not be dismissed for lack of such diversity. Sheppard v. Atlantic States Gas Co. of Pa., 3 Cir., 1948, 167 F.2d 841. Gersich v. London & Lancashire Indem. Co. of America, D.C.Wis.1951, 12 F.R.D. 83.

Third-party defendants contend also that the complaint and amended third-party complaint fail to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. provides that

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief". A complaint must be construed in light most favorable to the plaintiff and unless it appears to a certainty that he would be entitled to no relief under any state of facts which could be proved in support of his claim the court should not dismiss the complaint. Tobin v. Chambers Const. Co., D.C.Neb.1952, 15 F.R.D. 47. An examination of the complaint and the amended third-party complaint reveals nothing which would warrant the dismissal of either.

The third reason assigned by third-party defendants in support of their motion to dismiss is without merit. It is not clear from the third-party defendants' motion to dismiss whether they are attacking the complaint and third-party complaint because they are vague and ambiguous or because the complaint and third-party complaint are inconsistent in the facts alleged in each. The proper procedure used to attack a pleading that is vague and ambiguous is by motion for more definite statement, and not by motion to dismiss. Rule 8(e) of the Federal Rules of Civil Procedure expressly provides for inconsistent statements and the Court finds nothing in the allegations contained in the complaint and amended third-party complaint which would prevent the application of Rule 8 in this case. Darcy v. North Atlantic & Gulf S. S. Co., D.C.Pa. 1948, 78 F.Supp. 662. The original complaint alleges that Mary Fedorchak fell at the doorway to the store while the amended third-party complaint alleges that she fell a few feet from the store doorway. The third-party complaint alleges further, that even if the plaintiff fell at the doorway to the store, the third-party defendants are nevertheless liable over to the defendants for any sums adjudged against defendant in favor of the plaintiff. The pleadings conform to Rule 8 and the Court can find nothing in third-party defendants' contentions which would justify a dismissal of either the complaint or the amended third-party complaint.

The motion of Carl D. Kohl, Mary Alice Kohl and Pearl B. Shearer to dismiss the complaint of Montgomery Ward, third-party plaintiff will be denied. An appropriate order will be entered.