**Adina BAKER, Plaintiff,**

v.

**WESTIN RIO MAR BEACH RESORT, INC., et al., Defendants.**

**No. Civ. 99–1032(JAF).**

United States District Court, D. Puerto Rico.

June 21, 2000.

Maria Del M. Ortiz–San Miguel, Ortiz Toro & Ortiz Brunet, San Juan, PR, for plaintiff.

Ana L. Toledo–Davila, San Juan, PR, for defendants & third–party plaintiff Westin Rio Mar.

Juan B. Soto–Balbas, Mercado & Soto, San Juan, PR, for third–party defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Adina Baker, a resident of Georgia, brings this diversity action against De-fendants, the Westin Rio Mar Beach Resort, Inc. ("Westin"), a Puerto Rico corporation with its principal place of business in Río Grande, Puerto Rico; Royal Insurance Corporation ("Royal"), an insurance company which issued policies to Westin; Iguana Watersports ("Iguana"), a Puerto Rico corporation with its principal place of business in Río Grande, Puerto Rico; and ABC Insurance Company, a corporation allegedly neither registered nor doing business in Georgia. Defendant Westin later filed a third-party complaint against Mark E. Thurman, a resident of Georgia.

Third–Party Defendant Thurman moves to dismiss the third-party complaint for lack of subject matter jurisdiction. In their response to Thurman's motion, Defendants Westin and Iguana move to dismiss Plaintiff's complaint against them on the same grounds. Plaintiff opposes both motions.

## I.

### *Relevant Factual and Procedural History*

On July 18, 1998, Third–Party Defendant Thurman and Plaintiff Baker rented a jet ski from Defendant Iguana at Westin's resort, where Thurman and Plaintiff were staying as guests. After approximately thirty minutes of riding the jet ski, Thurman and Plaintiff allegedly hit a wave and went airborne. Plaintiff asserts that the jet ski fell on her, injuring her ankle. She further maintains that, as a result of her injuries, she has lost some movement in her injured leg, been unable to continue training and competing as a marathon runner, battled weight gain and muscle atrophy, been unable to ride her Harley Davidson motorcycle or drive to visit her dying best friend, cancelled business trips, and generally been inconvenienced.

Seeking compensatory damages of approximately $400,000, Plaintiff filed a personal injury diversity action against Defendants on January 14, 1999. On March 15, 1999, Defendant Westin filed a third-party complaint against Thurman, alleging that his negligent and reckless conduct resulted in Plaintiff's injuries.

On August 19, 1999, Third–Party Defendant Thurman moved to dismiss the com-

plaint against him. Since he resides in Georgia, he argues that the court lacks subject matter jurisdiction over the claim asserted by Defendant Westin because complete diversity does not exist between him and Plaintiff, also a resident of Georgia.

On September 7, 1999, Defendants Westin and Iguana responded to Thurman's motion. They assert that since Thurman was piloting the jet ski at the time of the accident, he is an indispensable party to Plaintiff's suit. Hence, they move to dismiss the entire complaint.

Plaintiff disputes Defendants' and Thurman's contention. Assuming that Defendants Westin and Iguana joined Thurman pursuant to FED.R.CIV.P. 14, Plaintiff first argues that diversity jurisdiction is not defeated when a plaintiff and a third-party defendant are residents of the same state. Rather, Plaintiff contends that we may exercise jurisdiction over the entire claim, including Defendants Westin's and Iguana's third-party complaint against Thurman, because there is complete diversity between Westin, a Puerto Rican corporation, and Thurman, a resident of Georgia. In support of this proposition, Plaintiff cites *Parks v. United States,* 784 F.2d 20, 24 (1st Cir.1986), and case law from other circuits.

Alternatively, Plaintiff argues that Thurman is not an indispensable party as provided in FED.R.CIV.P. 19. She asserts that, under the law of the Commonwealth of Puerto Rico, tortious conduct results in joint and several liability. She further contends that joint tortfeasors, like Defendants and Thurman, are permissive and not mandatory parties. Thus, she concludes that no one Defendant nor Thurman can be considered an indispensable party, for she can secure complete relief from those joint tortfeasors who are already parties to the suit. Lastly, Plaintiff maintains that impleaded parties, like Thurman, are never indispensable.

## II.

### *Standard under Rule 12(b)(1)*

■ Under Rule 12(b)(1), a defendant may move to dismiss an action against her based on the lack of federal subject matter jurisdiction. *See* FED.R.CIV.P. 12(b)(1). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995) (citation omitted). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank,* 140 F.3d 12 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1 (1st Cir. 1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir. 1996) (citation omitted).

## III.

### *Analysis*

■ The central issue raised by Thurman's motion to dismiss is whether we may exercise subject-matter jurisdiction over Defendants Westin's and Iguana's claim against him, as a non-diverse third-party defendant.

Plaintiff brought her original complaint against Defendants under 28 U.S.C. § 1332 (1993), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1) (Supp.1999). The diversity jurisdiction statute also provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Since Plaintiff and Defendants are of different states and the amount in controversy exceeds $75,000, Plaintiff's original complaint falls squarely within our diversity jurisdiction. *See Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ("A case falls within

the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.") (citations omitted); *Sweeney v. Westvaco Co.,* 926 F.2d 29, 41 (1st Cir.1991) (noting that a lack of complete diversity between the parties deprives the federal courts of jurisdiction over the lawsuit) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)).

With regard to subject-matter jurisdiction over third-party claims, a district court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (1993). Section 1367(b) of Title 28 of the United States Code limits the scope of diversity jurisdiction and governs most questions of pendent and ancillary jurisdiction. *See Casas Office Machs., Inc. v. Mita Copystar Am.,* 42 F.3d 668, 673 n. 7 (1st Cir.1994). It provides that:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 [impleader], 19 [compulsory joinder], 20 [permissive joinder], or 24 [intervention] of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs ... or seeking to intervene as plaintiffs ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (1993). Thus, section 1367(b)'s limitation applies only to plaintiffs' efforts to join non-diverse parties. *See United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 492 (4th Cir.1998) (explaining that the purpose of section 1367(b) is to prevent "plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only

those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis") (quoting H.R.Rep. Nos. 101–734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875); *see also* David D. Siegel, Practice Commentary, reprinted in 28 U.S.C.A. § 1367, at 832 (West 1993) (noting that section 1367(b)'s purpose is to prevent "efforts of a plaintiff to smuggle in claims that the plaintiff would not otherwise be able to interpose").

However, "[b]ecause defendants are involuntarily brought into court, their joinders and impleaders [are] not deemed as suspect as those of the plaintiff, who is the master of his complaint." *Kapiloff,* 155 F.3d at 493; *see also Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (distinguishing between a nonfederal claim asserted by a plaintiff and ancillary jurisdiction, which typically involves "claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court").

In the present case, Defendant Westin filed a third-party complaint against Thurman. Thus, section 1367(b) does not directly address Thurman's motion to dismiss, and we must turn to case law on ancillary jurisdiction, which, like section 1367(b), distinguishes between the different types of joinder. *See* 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3523 (2d ed.1987).

Defendant Westin, however, carelessly failed to specify under which Federal Rule of Civil Procedure it was joining him, pleading only that we "order third-party defendant Mr. Mark E. Thurman to pay plaintiff any damages she sustained as a result of the accident alleged in the complaint." *See Docket Document No. 9.* Such a statement could be read to assume joinder pursuant to FED.R.CIV.P. 19.[1] *See Docket Document No.*

---

1. Rule 19 provides, in relevant part:

   (a) Persons to be Joined if Feasible. A person

who is subject to service of process and whose

*24* (intimating that Thurman should be a defendant to Plaintiff's original complaint). If such is the case, we question the effectiveness of Defendants Westin's and Iguana's joinder of Thurman since, as an alleged joint tortfeasor, Thurman would not be an indispensable party. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) ("It has long been the rule that it's not necessary for all joint tortfeasors to be named as defendants in a single suit."); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 691 (1st Cir.1993) (citing *Temple*, 498 U.S. at 7, 111 S.Ct. 315, in a tort case originating in Puerto Rico).

Alternatively, Defendant Westin could have intended to join Thurman pursuant to FED.R.CIV.P. 14.[2] This is certainly the conclusion reached by Thurman himself. *See Docket Document No. 22, p. 3* ("The herein appearing party was brought into this action pursuant to Rule 14 of the Federal Rules of Civil Procedure."). For all intended purposes, we agree with Thurman and find that he was joined pursuant to Rule 14.

A defendant's joinder of a non-diverse third-party defendant, pursuant to FED. R.CIV.P. 14, does not destroy diversity between the original plaintiff and defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65–67 n. 1, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (dicta) (" 'Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them.' ") (quoting J. MOORE, MOORE'S FEDERAL PRACTICE § 14.26 (2d ed.1996) (footnotes omitted)); *Chestnut Run Fed. Credit Union v. Employers Mut. Liab. Ins. of Wis.*, 392 F.Supp. 76,

joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus

regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
FED.R.CIV.P. 19.

2. Rule 14 provides, in relevant part:
(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.
FED.R.CIV.P. 14.

77 (D.Del.1975) (holding that lack of diversity between plaintiff and third-party defendant did not destroy diversity jurisdiction over original complaint and that court could adjudicate third-party complaint) (citation omitted); *Fawvor v. Texaco, Inc.,* 387 F.Supp. 626, 628 (E.D.Tex.1975) (same); *Fedorchak v. Montgomery Ward,* 18 F.R.D. 1, 2 (M.D.Pa.1955) (same); *cf. Texas Eastern Transmission Corp. v. Texas Eastern Transmission Corp.,* 15 F.3d 1230, 1236 (3d Cir. 1994) ("Ancillary subject matter jurisdiction may be exercised over ... third party defendants."); *Washington Hosp. Ctr. Nat'l Rehabilitation Hosp. v. Collier,* 947 F.2d 1498, 1501 (D.C.Cir.1991) (holding that district court may exercise ancillary jurisdiction over claim between non-diverse defendant and third-party defendant). Thus, the fact that Plaintiff and Thurman are co-citizens of the state of Georgia does not affect this court's diversity jurisdiction over Plaintiff's original complaint.

## IV.

### Conclusion

In accordance with the foregoing, we **DENY** Third–Party Defendant Thurman's and Defendants' motions to dismiss. This Opinion and Order disposes of *Docket Documents Nos. 22, 24, and 25.*

**IT IS SO ORDERED.**