**SABROSO PUBLISHING, INC., Plaintiff,**

v.

**CAIMAN RECORDS AMERICA, INC., et al., Defendants.**

**No. Civ 00–2442 SEC.**

United States District Court, D. Puerto Rico.

May 9, 2001.

José Hernández–Mayoral, Juan H. Saavedra–Castro, San Juan, P.R., for plaintiff.

Jorge E. Pérez–Díaz, Pietrantoni Mendez & Alvarez, San Juan, P.R., for defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion to dismiss **(Docket # 12)**, which Plaintiff opposed **(Docket # 13)**.[1] For the reasons set forth below, Defendants' motion is **DENIED.**

### Background

On November 13, 2000, Plaintiff filed the above-captioned action, and subsequently requested a preliminary injunction on December 26, 2000. Plaintiff's action claims that Defendants have violated Licensing Agreements entered between Sabroso Publishing and Caiman Records to manufacture and sell certain musical compositions. The alleged violation consists of Caiman Records failure to pay royalties provided for in the Licensing Agreements. Defendants filed the instant motion on March 5, 2001, seeking dismissal of the complaint on the following grounds: (1) that under Fed.R.Civ.P. 12(b)(1), Plaintiff Sabroso Publishing, Inc. lacks standing to bring the present action, and thus, this Court does not have subject matter jurisdiction; (2) that co-defendant Didier Pilon is not subject to personal jurisdiction in the District of Puerto Rico.

### Analysis

#### 1. Plaintiff's Claim to Bring Action for Copyright Infringement

In their motion to dismiss for lack of subject matter jurisdiction, pursuant to

---

1. Defendants filed a Reply **(Docket # 21)**, and Plaintiff a Sur-reply **(Docket # 23)**.

Fed.R.Civ.P. 12(b)(1), Defendants argue that Plaintiff Sabroso Publishing, Inc. has no standing to bring the above-captioned action because they are not the entity that entered the Licensing Agreements with Defendant Caiman Records. Defendants maintain that the Licensing Agreements were subscribed by an entity called Sabroso Publishing, and not by Sabroso Publishing, Inc. Plaintiff Sabroso Publishing, Inc. disagrees with Defendants' characterization of the standing issue, and believes that it has a right to sue for copyright infringement pursuant to an assignment and transfer agreement with Sabroso Publishing, dated March 6, 2001.

■ Under Rule 12(b)(1), a defendant may move to dismiss an action against him based on the lack of federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.3d 12 (1st Cir.1998) (*citing Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1 (1st Cir. 1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996) (citation omitted);

*Baker v. Westin Rio Mar Beach Resort, Inc.*, 194 F.R.D. 393, 395 (D.P.R.2000).

■ Pursuant to 17 U.S.C. § 501(b), it is only the "legal or beneficial owner of an exclusive right under a copyright [that] is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." Therefore, "if a plaintiff is not the author of the copyrighted work then he or she must establish a proprietary right through the chain of title in order to support a valid claim of copyright." *Motta v. Samuel Weiser, Inc.*, 768 F.2d 481, 484 (1st Cir. 1985). If the plaintiff cannot establish this proprietary right through the chain of title, he does not have standing to bring an action for copyright infringement. *Id.* The Defendants assert that Plaintiff Sabroso Publishing, Inc. lacks standing as an owner of the copyright in the musical compositions because: (1) they were not a party to the Licensing Agreements, and (2) did not exist as a corporate entity until after the Licensing Agreements were executed.[2]

Defendants' principal argument is that the true party to the Licensing Agreements, Sabroso Publishing, can not legally designate Sabroso Publishing, Inc. to sue for infringement. In support of this argument, Defendants cite *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.1991). Specifically, Caiman alleges that pursuant to this Second Circuit ruling, only the assignor, and not the assignee, has standing to sue for prior infringement, even if the action is filed after the assignment has been executed. While this is partially correct, Defendants' "selective citing" fails to mention the Court's preceding sentence, which reads, "... a copyright owner can assign its copyright

---

**2.** It is undisputed that Sabroso Publishing, Inc. was not a party to the Licensing Agreements, which were executed on January 21, 2000, and were subscribed by Sabroso Publishing and Caiman Records. It is also undisputed that Sabroso Publishing, Inc. was not incorporated until November 3, 2000. (Docket # 12, Ex. A).

but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them." *Id.* Thus, it is clear that the correct focus is not upon the accrual date of the infringement claims, as Defendants would have us believe, but upon the transfer of rights between Sabroso Publishing and Sabroso Publishing, Inc.

■ In their opposition to Defendants motion to dismiss, Plaintiffs argue that they have standing to bring the instant action by virtue of a valid transfer of the copyrights and the causes of action involved in this case. In this case, Sabroso Publishing, an unincorporated business entity, transferred all of its copyrights and any accrued or unaccrued causes of action for copyright infringement by means of an oral assignment on November 3, 2000. That oral assignment, made by Sabroso Publishing's owner Sorimar Rivera Matos to the newly incorporated Sabroso Publishing, Inc., was later ratified and memorialized by means of a written transfer and assignment agreement dated as of November 3, 2000. (Docket # 13, Ex. D). Therefore, Plaintiff believes that as transferee of the previously accrued causes of action, they may enforce their rights against Defendants.

Pursuant to 17 U.S.C. § 204(a), "a transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." In this case, the copyright owner, Sabroso Publishing has complied with the requirements of 17 U.S.C. § 204(a) by first making an oral transfer of the copyrights involved in this action on November 3, 2000. (Docket # 13, Ex. D). Subsequently, on March 6, 2001, Plaintiff memorialized the transfer by an "Assignment and Transfer Agreement," which is dated as of November 3, 2000, and states in pertinent part:

> Sabroso Publishing hereby transfers and assigns to Sabroso Publishing, Inc., all of its copyrights, trademarks and assets, including, without limitation, all past, present and future actions for copyright infringement that have accrued to this date, or may accrue in the future, and all actions for collection of monies due and payable under any agreement relating to the use and licensing of such copyrights around the world .... any and all actions for copyright infringement relating to the Musical Compositions, and any existing and /or future actions for collection of moneys under those certain licensing agreements entered into by Sabroso Publishing and Caiman Records America, Inc., with respect to musical compositions.

*(Id.).*[3]

The Complaint in this action alleges acts of copyright infringement prior to, and

---

3. In their motion filed April 12, 2001 (Docket # 26), Defendants argue that Sabroso Publishing and its owner, Ms. Sorimar Rivera, have failed to prove that they were the owner of the copyrights involved in this litigation. Instead, Defendants believe that Ms. Gloria Garced, who executed the Licensing Agreements and copyright forms on behalf of Sabroso Publishing, is the correct party to the action. The Court does not agree.

In their reply to Defendant's motion, filed on April 18, 2001 (Docket # 27), Plaintiffs state that Ms. Garced was merely the administrator and not the owner of Sabroso Publishing. Moreover, the copyright forms clearly indicate that the copyright claimant is Sabroso Publishing, and not Mr. Gloria Garced. (Docket # 6, Ex. K–R). Finally, Plaintiff submitted Sabroso Publishing, Inc.'s Certificate of Incorporation, which indicates that Ms. Sorimar Rivera is the incorporator of Sabroso Publishing, Inc. (Docket # 13, Ex. D). Based on the strength of Plaintiff's evi-

subsequent to the effective date of the assignment on November 3, 2000. In dealing with like situations, and in addressing arguments like those made by the Defendant Caiman Records, the courts have consistently held that an assignment of an accrued copyright infringement cause of action need not be made at the time when the assignment is initiated; the requirement is satisfied by the copyright owner's later execution of a writing which confirms the earlier agreement. If that occurs, the subsequent writing will validate the transfer *ab initio*, that is, from the beginning. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1428 (9th Cir.1996); *Imperial Residential Design, Inc. v. Palms Development Group*, 70 F.3d 96, 99 (11th Cir. 1995); *Monroig v. RMM Records & Video Corp.*, 194 F.R.D. 388 (D.P.R.2000).

To summarize, Ms. Sorimar Rivera Matos, the sole owner of Sabroso Publishing, in her Unsworn Declaration Under Penalty of Perjury, states that when she incorporated Sabroso Publishing, she orally transferred and conveyed the copyrights at issue in this case to Plaintiff Sabroso Publishing, Inc. Ms. Rivera also submitted written evidence ratifying and confirming the transfer and conveyance to Sabroso Publishing, Inc. These steps satisfy the writing requirement set forth in 17 U.S.C. § 204(a).

█ Moreover, as a matter of public policy, courts have noted that it would be inequitable to allow an alleged infringer to use the validity of the transfer as a defense when no controversy exists between the transferee and transferor. In *Magnuson*, the Ninth Circuit Court of Appeals relied on this policy argument, and held:

> In *Eden Toys*, the court addressed a provision in the 1976 Act analogous to the one at issue here, which provides that an exclusive copyright license can only be conveyed in writing. 697 F.2d at 36. The purpose of the requirement that a transfer be in writing, the court explained, was to protect the copyright holder from persons fraudulently claiming to hold licenses. However, it pointed out, where "the copyright holder appears to have little dispute with its licensee on this matter; it would be anomalous to permit a third party infringer to invoke this provision against the licensee."

*Id.* Thus, the Court holds that Plaintiff has standing to bring the copyright infringement claims.[4]

## 2. Personal Jurisdiction Over Co-Defendant Didier Pilon

 Personal jurisdiction over a nonresident defendant turns on whether the

---

dence, we find no merit in the Defendant's argument.

4. In their motion to dismiss, Defendants similarly maintain that because Sabroso Publishing, Inc. was not a party to the Licensing Agreements with Caiman Records they lack standing to bring the causes of action for breach of contract under Puerto Rico law. (Docket # 12, at 9). However, assignments are permissible under Puerto Rico Law unless the contract explicitly prohibits. *See* P.R.Laws Ann. tit. 31, § 3372 (1930) ("The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals,

or public order."); *see also* P.R.Laws Ann. tit. 31, § 3224 (1930) (Assignment of rights); P.R.Laws Ann. tit. 31, § 3941 et seq. (1930). Here, the Licensing Agreements do not prohibit assignments. In fact, clause 7 of each Licensing Agreement states that "[t]his agreement is assignable by either party, and Shall be binding upon the heirs, legal representatives, successors and assigns of the parties hereto." (Docket # 6, Ex. A–J). As such, by virtue of the valid assignment and transfer agreement between Sabroso Publishing and Sabroso Publishing, Inc., we hold that Plaintiff has standing to bring the breach of contract claims.

defendant has sufficient minimum contacts with the forum state to ensure that compelling them to defend a lawsuit here "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). When conducting this inquiry, "a court properly focuses on the relationship among the defendant, the forum and the litigation." *Calder v. Jones,* 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Finally, the court is to consider if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court in the forum." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). With regard to the minimum contacts analysis for co-Defendant Didier Pilon,[5] it is contended that even if sufficient contacts are established against the corporate entity Caiman Records America, Inc., those contacts can not be imputed to Pilon. In the case of *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 906 (1st Cir. 1980), the Court held that jurisdiction over a corporate officer may not be based merely on jurisdiction over the corporation itself, but instead must be based on a "showing of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury."

■ Applying this standard to the case at bar, the Court holds that it has personal jurisdiction over co-Defendant Didier Pilon. The First Circuit has held that Puerto Rico's long-arm statute, Rule 4.7(a)(2) of Tit. 32 P.R.Laws Ann., App. III (1997 Supp.), allows jurisdiction "where a defendant who has availed himself of the laws and benefits of Puerto Rico commits a tortious act within or without the Commonwealth that he knows or reasonably should know will cause injury within Puerto Rico." *Mangual v. General Battery Corp.,* 710 F.2d 15, 19 (1st Cir.1983). As the president of Caiman Records America, Inc., Caiman Music America, Inc., and Caiman Distribution Inc., Didier Pilon has engaged in and maintained substantial contacts with Puerto Rico individuals and corporations. First, Pilon states in his unsworn declaration that he has traveled to Puerto Rico four times in his capacity as an employee of Caiman Records, Inc. (Docket # 12, Ex. B). Additionally, Pilon acting on behalf of Defendant Caiman Records, Inc., signed all of the Licensing Agreements with a Puerto Rican entity, Sabroso Publishing. (Docket # 6, Ex. A–J). Finally, the complaint states that the "[allegedly infringed] musical compositions have appeared in phono records made, manufactured, and distributed in Puerto Rico and unknown foreign countries, under apparent or express authority given by defendant Caiman Records, its President Didier Pilon, and/or affiliated, unknown corporations and business entities." (Docket # 1 at ¶ 3.8). The Court thus concludes that the direct personal involvement by co-Defendant Pilon in the transactions giving rise to this suit satisfies the requirements set forth in *Escude Cruz.*

The complaint, unsworn declarations, and exhibits to the parties' motions establish jurisdiction over Didier Pilon within the reach of Puerto Rico's long arm statute. Moreover, the exercise of jurisdiction in these circumstances falls within constitutional standards. Pilon has undoubtedly "availed himself of the laws and benefits of Puerto Rico and acted in such a manner

5. Co–Defendant Pilon is a resident of Florida, and the corporate officer of all Defendant corporations involved in the suit. He signed the Licensing Agreements at issue in this suit as the President of Defendant Caiman Records.

that he could reasonably anticipate being haled into court in Puerto Rico." *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559.

### Conclusion

For the reasons set forth above, Defendant's motion to dismiss is **DENIED.** The Court will set a hearing date for Plaintiff's request for a Preliminary Injunction.

**SO ORDERED.**